**E-Filed 10/29/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO and MARTHA C. CARNERO,<br><br>Plaintiffs,<br><br>v.<br><br>EMC MORTGAGE CORP (EMC), CHASE BANK, NATIONAL DEFAULT SERVICING CORPORATION (NDSC), CHICAGO TITLE COMPANY, REAL TIME RESOLUTIONS, INC., RANDY MIGUEL DOING BUSINESS AS WIRE FINANCIAL, DOES 1-100, inclusive,<br><br>Defendants. | Case Number C 09-4696 JF (HRL)<br><br>ORDER[1] DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>Re: Docket No. 10 |

## I. BACKGROUND

Plaintiffs Jose and Martha Carnero (collectively, "Plaintiffs"), proceeding *pro se*, allege that Defendants EMC Mortgage Corp. (EMC), Chase Bank, National Default Servicing Corp. (NDSC), Chicago Title Company, Real Time Resolutions, Inc., and Randy Miguel d.b.a. Wire Financial (collectively, "Defendants") failed to disclose important information about their

---

[1] This disposition is not designated for publication in the official reports.

mortgage in the clear and conspicuous manner as required by law.  Plaintiffs filed the initial complaint in this action on October 1, 2009.  On October 28, 2009, Plaintiff filed the instant *ex parte* application for a temporary restraining order ("TRO").[2]  Plaintiffs seek an order enjoining Defendants from selling, invading, trespassing, or soliciting the Plaintiffs' property located at 1558 Minnesota Avenue, San Jose, CA 95125-4445.  A trustee's sale of the property is scheduled for Friday, October 30, 2009.

## II.  LEGAL STANDARD

The standard for issuing a TRO is the same as that for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

---

[2] Though purportedly an *ex parte* motion, the instant application indicates that Plaintiffs attempted to contact all Defendants by phone regarding the TRO on October 27, 2009.  Plaintiffs also faxed the application to all Defendants that same day.

### III. DISCUSSION

The issuance of an *ex parte* temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief. *Little Tor Auto Center v. Exxon Co., USA*, 822 F.Supp. 141, 143 (1993). There is no question that Plaintiffs' application describes an urgent situation: sale of Plaintiffs' property is scheduled to occur within the next twenty-four hours. However, "[j]udges can and do decline to issue ex parte orders when such orders are sought without adequate factual justification." *Id.* at 144. In this case, Plaintiffs offer no explanation as to why they could not have sought relief weeks or even months ago, thus permitting Defendants to file a response to Plaintiffs' claims and the Court to consider the merits of the case with care and deliberation. It is self-evident that a trustee's sale could not have been scheduled without notice or without a host of preliminary legal processes involving Plaintiffs' alleged non-payment of their mortgage. Plaintiffs' failure to offer a reasonable excuse for their delay requires denial of their application.

Plaintiffs also have failed to make a convincing showing that they are likely to succeed on the merits. *See Roe*, 134 F.3d at 1402.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' *ex parte* application for a TRO is DENIED.

DATED: October 29, 2009

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 09-4696 JF (HRL)
ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFEX1)