Jose R. & Marta C. Carnero - Pro Se

1558 Minnesota Ave. 1/2

San Jose, CA 95125-4445

Telephone: (408)269-2954

Honorable Judge Jeremy Fogel

**Filed**

FEB 2 4 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

C ✓

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO & MARTA C. CARNERO,<br>　　　Plaintiffs,<br>　　　　Vs.<br>EMC MORTGAGE CORP (EMC), CHASE BANK, NATIONAL DEFAULT SERVICING CORPORATION (NDSC), CHICAGO TITLE COMPANY, REAL TIME RESOLUTIONS, INC., RANDY MIGUEL DOING BUSINESS AS WIRE FINANCIAL, JPMorgan Chase Bank DOES 1-100 INCLUSIVE,<br>　　　Defendants. | ) Case No.: C09-04696 JF(HRL)<br>)<br>) PLAINTIFFS' Reply and NOTICE TO<br>) OPPOSE DEFENDANT'S (REAL TIME<br>) RESOLUTION INC.) NOTICE OF<br>) MOTION TO DISMISS FOR FAILURE<br>) TO STATE A CLAIM UPON WHICH<br>) RELIEF CAB BE GRANTED (FRCP<br>) 12(b)(6)<br>)<br>) Date:　　　March 5, 2010<br>) Time:　　　9:00AM<br>) Courtroom:　　3 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND REAL TIME RESOLUTIONS Inc. AND THE ITS ATTORNEYS OF RECORDS HEREIN

PLEASE TAKE NOTICE that on March 5, 2010, 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 3, the above-entitled Court located at 280 South First Street, San Jose, California 95113, Plaintiffs Jose R. Carnero and Marta C. Carnero opposed the request of motion to be dismissed by the

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase   **PLAINTIFFS' Reply and Notice to Oppose Def Dismissal**　　　1-9

Defendant Real Time Resolutions Inc. ("Real Time"). The Plaintiffs will assert that this claim is based on a set of facts to further proof we are entitled for relief, and to show that in Defendants Dismissal Motion they failed to state with clarity and without a doubt that they have not been engaged in Predatory Lending abuse practices.

These Reply and opposition are based on this Hearing  Reply and Opposition to the dismiss, all documents in records, and pleading in file, and attached exhibits, and any evidence and/or oral argument presented at the time of hearing on this matter.

Dated this 2̲5̲ day of February, 2010

_Jose R Carnero_      2-24-10
Jose R. Carnero - Pro Se      Date

_Marta C Carnero_    2-24-10
Marta C. Carnero - Pro Se     Date

Case No.:C09-04696 JF (HRL)

1

## I. INTRODUCTION

I.1. **TO HONORABLE JUDGE JEREMY FOGEL** Jose R. Carnero and Marta
C. Carnero are in danger in loosing their primary property
on 1558 Minnesota Avenue, San Jose, California 95125. The
Trustee's Sale of primary house is on March 10th, 2010 at
11:00 A.M. at Courthouse, 190 North Market Street, San
Jose, Ca 95113, according to Exhibit C2. Due to the fact
that above Defendants are guilty of conspiring with
Predatory Lending Abuse Practices against the Plaintiffs
and general public. Please also note that NDSC or Fidelity
or EMC or Chase or JPMorgan or Wells Fargo Bank has failed
to indicate to the Plaintiffs that the trustee sale has
been taken place or recorded in the Santa Clara County
Records, Plaintiffs have learned, through third parties
refer to Exhibit E2, that the sale of the property was done
without notifying the Plaintiffs by the Defendants
properly. This another example of the Defendants failing to
disclose the details of each mortgage transaction as
dictated by TILA, and other state laws. In fact, NDSC or
Fidelity or EMC or Chase or JPMorgan or Wells Fargo Bank
has gone ahead with the trustee sale date setting in
disregard to Plaintiffs right to rescind under CACC 1688,
and CACC 1689, and violation article 3 of the Uniform
Comercial Code since they cannot prove that the indeed they
are the true holder in due course of the promissory note.

Case No.:C09-04696 JF (HRL)

1   The same violations were committed by Real Time Resolutions
2   when Real Time accepted a defective instrument for the
3   second loan no. 20713020 without the respective due
4   dilegence against EMC to make sure that instrument was not
5   defective. This also indicates negligence from Real Time
6   Resolutions.

7   II.  **Responses to Each Paragraph of Real Time Resolutions**

8   II.1.  The first Cause of Action for "Violation of the Truth
9   in Lending Act, 15 U.S. C. § 1601 **ET Seq., and Federal**
10  **Reserve Regulation Z, 12 C.F.R § 226 et seq." In contrary**
11  **of what Real Time say, there are clear violations of this**
12  **code as follows:**

13  II.1.1.  The lender must disclose to the borrower the
14  annual percentage rate (APR). The APR reflects the cost
15  of the credit to the consumer. It contains things other
16  than interest such as origination fees and
17  . The Truth-in-Lending Act defines "finance
18  charge" as all fees paid either directly or indirectly
19  by the person to whom the credit is extended, incident
20  to the extension of the credit. There are exceptions, to
21  this rule, found at 12 CFR 226.4. Generally, the fees
22  paid to the lender are considered finance charges
23  regardless of any costs they are designed to cover.
24  Originally Bear Stearns was the holder of the note for
25  the Second Loan Number 20713020 on 1558 Minnesota Ave.
    San Jose, California, 95125. While, Bear Stearns had a

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase **PLAINTIFFS' Reply and Notice to Oppose Def Dismissal**     4-9

1  financial crisis, and the Federal government tried to
2  bail it out through our own tax money, EMC was servicing
3  the Second Loan No. 20713020, and somehow now Real Time
4  Solutions is claiming to be the note holder in due
5  course of the Second loan secured by the Minnesota
6  property. Plaintiffs have no knowledge who is the true
7  holder of the note for the second loan, therefore move
8  this court to enjoined Real Time Resolutions with a
9  Permanent Injunction and ask Real Time, in writing, to
10 relinquish all interest on the 1558 Minnesota Ave. San
11 Jose, California, 95125.

12 II.1.2. **Are there any loan terms in high cost mortgages**
13 **which are forbidden by TILA?**

14 Yes. Refer to High Cost Mortgage Worksheet which proves
15 that the Carneros loans were high cost loans, Exhibit Z
16 shows the two combined loans first and second, and
17 Exhibit A2 shows only the second loan. These exhibits
18 are based on information from Exhibits G, O, P, and Q.
19 Please refer to filed original pleading to get these
20 exhibits. Therefore Violation of TILA Federal Regulation
21 Z Sec. 226.32 (1) (a) (ii) has been violated which says,
22 "The total points and fees payable by the consumer at or
23 before loan closing will exceed the greater of 8 percent
24 of the total loan amount, or $400; the $400 (is $547 for
25 2007 CPI refer to exhibit B2) figure shall be adjusted
annually on January 1 by the annual percentage change in

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase   **PLAINTIFFS' Reply and Notice to Oppose Def Dismissal**   5-9

the Consumer Price Index that was reported on the
preceding June 1. According to Exhibit A2 and Z, the
loans are indeed high cost mortgage loans, Plaintiffs
have a right to rescind, which Plaintiffs have already
done since May 2009, but ignored by EMC, Chase, Real
Time and JPMorgan Chase Bank, and NSDC:

II.2.   As for the Second Cause of Action, Plaintiffs have the
right to amend the complain as there were important
omissions related directly to the originator creditor Bear
Stearns, then EMC as the servicer, then Chase, then Real
Time Solutions for the second loan no 20713020. Simply put
and again refer to Exhibit Z and A2 which indicates that
Real Time Solutions have acquired a defective instrument
due to the fact that Fraud was committed when the High Cost
loans were given to the Plaintiffs.

II.3.   In Response to the 3rd cause of action. The CBPC 17200
which relates to the originator of the loan and the article
3 of the uniform commercial that because the Plaintiffs
have gotten a High Cost loan under Fraud, deception, undue
influence, typical of predatory lending abuses, the
Plaintiffs reminds Real Time Resolution because it
inherited the second loan 20713020, article 3 reinforces
that the Plaintiffs can rescind the contract upon a
defective instrument, since the loans were high cost loans,
the instrument is defective and the holder of the note in
due course, which Real Time have not been able to prove. It

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase   PLAINTIFFS' Reply and Notice to Oppose Def Dismissal        6-9

1   will be unconstitutional and unconscionable and illegal to

2   dismiss this count and Plaintiffs should have a chance to

3   amend.

4   II.4.   In Response to 4th, 5th, 6th, 11th, 13th, causes of

5   action. Plaintiffs disagree, there is enough material

6   evidence that if Real Time have hard time interpreting,

7   Plaintiffs will move this court to order a trial with a

8   Jury as to present evidences as appropriate at trial.

9   Furthermore, as far as 13th count "Rescission/Cancellation

10   CACC § 1689. Refer to Rescission letters sent to EMC and

11   EMC should have been responsible to let Real Time that we

12   are indeed rescinding the contract. Please refer to the

13   letter of rescission (Exhibit A) and the demand letter

14   (Exhibit H) sent on May 2009 and June 2009 filed on

15   original pleading.

16   II.5.   Response to 7th cause of action. There is negligence

17   because Real Time have ignored the fact that we have

18   rescinded the contract with the previous owner of the note,

19   if Real Time have acquired a defective instrument, Real

20   Time still liable for such violations, unless they cannot

21   prove that Real Time is the note holder in due course of

22   the second loan no. 20713020. Then, Plaintiffs will move

23   this court enjoining Real Time for Permanent Injunction and

24   to have Real Time relinquished all interest on the property

25   located on 1558 Minnesota Ave. San Jose, CA. 95125.

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase   PLAINTIFFS' Reply and Notice to Oppose Def Dismissal        7-9

II.6.   Response to 8th cause of action. Plaintiffs disagree and Plaintiffs asks Honorable Judge permission to amend this cause of action.

II.7.   Response to 9th cause of action Breach of Fiduciary Duty was violated when Real Time Resolution bought the defective instrument and decided to break the confidential relationship when Real Time Resolution embark on a trail of harassment and deception and invasion of privacy when Real Time Resolution knew that the loan transaction has been rescinded according to CACC 1688 and 1689 since May 2009 and Real time Resolution continue to harass the Plaintiffs with demanding letters as Exhibit D2.

II.8.   Response to 10th cause of action. Plaintiffs disagree and Plaintiffs asks Honorable Judge permission to amend this cause of action.

II.9.   Response to 12th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, 21st, and 22nd cause of action. Plaintiffs disagree and Plaintiffs asks Honorable Judge permission to amend these cause of actions if the Judge finds it necessary.

### III. CONCLUSION

III.1.  For the above stated reasons, Jose R. Carnero and Marta C. Carnero respectfully requests that its Motion to Dismiss pursuant to FRCP12(b)(6) not to granted based on that Plaintiffs have enough material evidence to show in Trial and with a Jury.

Dated:   February 10th, 2010

Case No.:C09-04696 JF (HRL)

Carneros vs. EMC/Chase   PLAINTIFFS' Reply and Notice to Oppose Def Dismissal          8-9

_Jose R. Carnero_                    _Marta C. Carnero_

Jose R. Carnero                    Marta C. Carnero

## IV.   CERTIFICATION OF SERVICE

IV.1.   WE HEREBY CERTIFY that a true and correct copy of the
above and foregoing had been furnished by U.S. Certified
Mail:

IV.1.1. 7009 2820 0003 9729 5539. Christopher L. Peterson,
Attorney for Defendant Real Time Resolutions Inc., 4375
Jutland Drive, Suite 200, P.O. BOX 17935, San Diego, CA
92177-0935, the 24th day of February, 2010.


_Jose R. Carnero_        2-2-4-2010

Jose R. Carnero        Date


_Marta C. Carnero_      2-24-10

Marta C. Carnero        Date


Case No.:C09-04696 JF (HRL)

Exhibit Z

1558 Minnesota Ave. San Jose CA, 95125

# HIGH-COST MORTGAGE WORKSHEET
## For use after October 1, 2002

| Borrower's Name | Jose R. Carnero | Loan Number | 20712998 and 20713020 | |
|---|---|---|---|---|

### COVERAGE

| | Yes/No |
|---|---|
| Is the loan secured by the consumer's home? | yes |
| *If the answer is yes, continue to the next set of questions.* | |
| Is the loan for the following purpose? | |
| Business, commercial, agricultural, or organizational credit--226.3(a) | |
| Residential Mortgage Transaction – 226.2(a)(24) | no |
| Reverse Mortgage Transaction - 226.33 | no |
| Open-End Credit Plan – Subpart B | no |
| *If the answer is yes to any of these items, stop here. If no, continue to Test 1.* | |

### TEST 1 – CALCULATION OF APR

| | First Lien | Other Lien |
|---|---|---|
| A. Disclosed APR | 8.99 | 12.67 |
| B. Treasury Security Yield of Comparable Maturity (Obtain the Treasury Constant Maturities Yield from the Federal Reserve Board's Statistical Release H.15 – Selected Interest Rates. Use the yield that has the most comparable maturity to the loan term and is from the 15th day of the month that immediately precedes the month of application. If the 15th is not a business day, use the yield for the business day immediately preceding the 15th. If the loan term is exactly halfway between two published security maturities, use the security maturity with the lowest yield.) Web site: http://www.federalreserve.gov/Releases/H15/ | 5.03 | 5.03 |
| C. Treasury Security Yield of Comparable Maturity (Box B) plus eight percentage points for first lien loans and ten percentage points for subordinate-lien loans. | 13.03 | 15.03 |
| D. Is Box A greater than Box C? | NO | NO |
| *If yes, the transaction is a high-cost mortgage. Proceed to checklist. If no, continue to Test 2.* | | |

### TEST 2 – CALCULATION OF POINTS AND FEES

**STEP 1: Identify All Charges Paid by the Consumer at or Before Loan Closing:**

**1. Finance Charges – 226.4(b)** (Interest and time-price differential are excluded from these amounts)

| | Fees paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Loan Points | $0.00 | | |
| Closing Fees | | | |
| Other Fees | | | |
| Required Credit Insurance | | | |
| Private Mortgage Insurance | | | |
| Life of Loan Charges | | | |
| Escrow Charges *(other than taxes)* | | $261.90 | |
| Any Other Fees Considered Finance Charges | | $2,102.42 | |
| Sub-Total | | | $2,364.32 |

**2. Certain Non-Finance Charges Under 226.4(c)(7)** – Include fees paid by consumers only if the creditor receives direct or indirect compensation from the charge or the charge is paid to an affiliate of the bank. *(See the example in Section 226.32(b)(1)(iii) of the Commentary for further explanation.)*

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Title Examination | | $2,329.00 | |
| Title Insurance | | | |
| Property Survey | | | |
| Document Preparation Charge | | $495.00 | |
| Credit Report | | $65.00 | |
| Appraisal | $375.00 | $200.00 | |
| Initial Flood Hazard Determination Fee | | $18.00 | |
| Pest Inspection | | | |
| Courier Fees | | | |
| Review Fees | | | |
| Other Fees not Considered Finance Charges These fees include non-finance charges paid to third parties which are unreasonable in amount | | $100.00 | |
| Sub-Total | | | $3,582.00 |

**3. Compensation Paid to Mortgage Brokers by Consumers** *(whether or not disclosed as FC)*

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Broker Fee | | $ 8,137.50 | |
| Sub-Total | | | $8,137.50 |

**3a. Credit Insurance or Debt Cancellation Premiums or Charges**

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Optional Credit Life Premiums or fees | | | |
| Debt Cancellation Premiums or fees | | | |
| Subtotal | | | $0.00 |

**4. Total Points & Fees**

| | |
|---|---|
| Grand Total Add sub-totals to determine total points & fees. | $14,083.82 |

**STEP 2: Determine the Total Loan Amount for Use Under Section 226.32(a)(1)(ii)**

| | |
|---|---|
| Principal Loan Amount | $742,000.00 |
| Plus Other Amounts Financed by the Lender *(not already included in the principal)* | -$47,342.32 |
| Less Prepaid Finance Charges | $2,364.32 |
| Equals Amount Financed | $742,000.00 |
| Less Non-Finance Charges *(From Step 1 Part 2 and 3a)* Financed by the Lender | $3,207.00 |
| Equals Total Loan Amount | $738,793.00 |

**STEP 3: Perform High Cost Calculation**

| | |
|---|---|
| A. Eight Percent of the Total Loan Amount *(Answer from above)* | $59,103.44 |
| B. Annual Adjustment Amount – 226.32(a)(1)(ii) | $561.00 |
| C. Total Points & Fees *(Grand Total from Step 1 Part 4)* | $14,083.82 |
| Does Box C exceed the greater of Box A or Box B? | |

*If yes, the transaction is a high-cost mortgage.*

Exhibit Z

1 - 1

# HIGH-COST MORTGAGE WORKSHEET

### For use after October 1, 2002

| Borrower's Name | Jose R. Carnero and Marta C. Carnero | Loan Number | 20713020 |
|---|---|---|---|

#### COVERAGE

| | Yes/No |
|---|---|
| Is the loan secured by the consumer's home? | yes |
| If the answer is yes, continue to the next set of questions. | |
| Is the loan for the following purpose? | |
| Business, commercial, agricultural, or organizational credit – 226.3(a) | no |
| Residential Mortgage Transaction – 226.2(a)(24) | no |
| Reverse Mortgage Transaction – 226.33 | no |
| Open-End Credit Plan – Subpart B | no |
| If the answer is yes to any of these items, stop here. If no, continue to Test 1. | |

### TEST 1 – CALCULATION OF APR

| | First Lien | Other Lien |
|---|---|---|
| A. Disclosed APR | 8.99 | 12.67 |
| B. Treasury Security Yield of Comparable Maturity (Obtain the Treasury Constant Maturities Yield from the Federal Reserve Board's Statistical Release H.15 – Selected Interest Rates. Use the yield that has the most comparable maturity to the loan term and is from the 15th day of the month that immediately precedes the month of application. If the 15th is not a business day, use the yield for the business day immediately preceding the 15th. If the loan term is exactly halfway between two published security maturities, use the security maturity with the lowest yield.) Web site: http://www.federalreserve.gov/Releases/H15/ | 5.03 | 5.03 |
| C. Treasury Security Yield of Comparable Maturity (Box B) plus eight percentage points for first lien loans and ten percentage points for subordinate-lien loans | 13.03 | 15.03 |
| D. Is Box A greater than Box C? | NO | NO |
| If yes, the transaction is a high-cost mortgage. Proceed to checklist. If no, continue to Test 2. | | |

### TEST 2 – CALCULATION OF POINTS AND FEES

**STEP 1: Identify All Charges Paid by the Consumer at or Before Loan Closing: NOTE THIS IS ONLY FOR THE 2nd LOAN**

1. Finance Charges – 226.4(b) (Interest and time-price differential are excluded from these amounts)

| | Fees paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Loan Points | $0.00 | | |
| Closing Fees | | | |
| Other Fees | | | |
| Required Credit Insurance | | | |
| Private Mortgage Insurance | | | |
| Life of Loan Charges | | | |
| Escrow Charges (other than taxes) | | | |
| Any Other Fees Considered Finance Charges | 6075.73 | $652.29 | |
| Sub-Total | | | $6,728.02 |

2. Certain Non-Finance Charges Under 226.4(c)(7) – Include fees paid by consumers only if the creditor receives direct or indirect compensation from the charge or the charge is paid to an affiliate of the bank. (See the example in Section 226.32(b)(1)(iii) of the Commentary for further explanation)

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Title Examination | | $0.00 | |
| Title Insurance | | $200.00 | |
| Property Survey | | | |
| Document Preparation Charge | | | |
| Credit Report | | | |
| Appraisal | 375 | $0.00 | |
| Initial Flood Hazard Determination Fee | | | |
| Pest Inspection | | | |
| Courier Fees | | | |
| Review Fees | | | |
| Other Fees not Considered Finance Charges These fees include non-finance charges paid to third parties which are unreasonable in amount | | $112.00 | |
| Sub-Total | | | $687.00 |

3. Compensation Paid to Mortgage Brokers by Consumers (whether or not disclosed as FC)

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Broker Fee | | $  - | |
| Sub-Total | | | $0.00 |

3a. Credit Insurance or Debt Cancellation Premiums or Charges

| | Fee paid in cash | Fees Financed | Sub-Totals |
|---|---|---|---|
| Optional Credit Life Premiums or fees | | | |
| Debt Cancellation Premiums or fees | | | |
| Subtotal | | | $0.00 |

4. Total Points & Fees

| | |
|---|---|
| Grand Total Add sub-totals to determine total points & fees | $7,415.02 |

**STEP 2: Determine the Total Loan Amount for Use Under Section 226.32(a)(1)(II)**

| | |
|---|---|
| Principal Loan Amount | $92,000.00 |
| Plus Other Amounts Financed by the Lender (not already included in the principal) | |
| Less Prepaid Finance Charges | $6,728.02 |
| Equals Amount Financed | $92,000.00 |
| Less Non-Finance Charges (From Step 1 Part 2 and 3a) Financed by the Lender | $312.00 |
| Equals Total Loan Amount | $91,688.00 |

**STEP 3: Perform High Cost Calculation**

| | |
|---|---|
| A. Eight Percent of the Total Loan Amount (Answer from above) | $7,335.04 |
| B. Annual Adjustment Amount – 226.32(a)(1)(ii) | $561.00 |
| C. Total Points & Fees (Grand Total from Step 1 Part 4) | $7,415.02 |
| Does Box C exceed the greater of Box A or Box B? | |
| If yes, the transaction is a high-cost mortgage. | |

requirements for applicants of the Public Television Station Digital Transition Grant program. A 60-day comment period was provided and ended on March 21, 2006. One comment was received which supported the rule.

At the time of publishing the Interim Final rule, the date for digital transition was December 31, 2006. On February 8, 2006, however, Congress passed the "Digital Television Transition and Public Safety Act of 2005" (see Title III of the Deficit Reduction Act of 2005, Pub. L. 109–171) which created a new deadline date of February 17, 2009, for the cessation of analog television broadcasts, when all television stations will broadcast entirely in digital. Based on the rationale set forth in the interim final rule, the Agency now adopts the interim final rule, as the final rule.

**Executive Order 12866**

This final rule has been determined to be not significant for purposes of Executive Order 12866, and therefore has not been reviewed by the Office of Management and Budget (OMB).

**Catalog of Federal Domestic Assistance**

The Catalog of Federal Domestic Assistance (CFDA) Program number assigned to the Public Television Station Digital Transition Grant Program is 10.861. The Catalog is available on a subscription basis from the Superintendent of Documents, the United States Government Printing Office, Washington, DC 20402–9325, telephone number (202) 512–1800.

**Executive Order 12372**

This program is not subject to the *requirements* of Executive Order 12372, "Intergovernmental Review of Federal Programs," as implemented under USDA's regulations at 7 CFR part 3015.

**Executive Order 12988**

This final rule has been reviewed under Executive Order 12988, Civil Justice Reform. RUS has determined that this final rule meets the applicable standards provided in section 3 of the Executive Order. In addition, all state and local laws and regulations that are in conflict with this rule will be preempted, no retroactive effect will be given to this rule, and, in accordance with Section 212(e) of the Department of Agriculture Reorganization Act of 1994 (7 U.S.C. 6912(e)), administrative appeal procedures, if any, must be exhausted before an action against the Department or its agencies may be initiated.

**Executive Order 13132 Federalism**

The policies contained in this final rule do not have any substantial direct effect on states, on the relationship between the national government and the states, or on the distribution of power and responsibilities among the various levels of government. Nor does *this final rule impose substantial direct* compliance costs on state and local governments. Therefore, consultation with states is not required.

**Regulatory Flexibility Certification**

Pursuant to 5 U.S.C. 553(a)(2), this final rule related to grants is exempt from the rulemaking requirements of the Administrative Procedure Act (5 U.S.C. 551 *et seq.*), including the requirement to provide prior notice and an opportunity for public comment. Because this interim final rule is not subject to a requirement to provide prior notice and an opportunity for public comment pursuant to 5 U.S.C. 553, or any other law, the analytical requirements of the Regulatory Flexibility Act (5 U.S.C. 601 *et seq.*) are inapplicable.

**Unfunded Mandates**

This final rule contains no Federal mandates (under the regulatory provision of Title II of the Unfunded Mandates Reform Act of 1995) for State, local, and tribal governments or the private sector. Therefore, this interim final rule is not subject to the requirements of sections 202 and 205 of the Unfunded Mandates Reform Act of 1995.

**Environmental Impact Statement**

This final rule has been examined under Agency environmental regulations at 7 CFR part 1794. The Administrator has determined that this action is not a major Federal action significantly affecting the environment. Therefore, in accordance with the National Environmental Policy Act of 1969 (42 U.S.C. 4321 *et seq.*), an Environmental Impact Statement or Assessment is not required.

**Information Collection and Recordkeeping Requirements**

This final rule contains no new reporting or recordkeeping burdens under OMB control number 0572–0134 that would require approval under the Paperwork Reduction Act of 1995 (44 U.S.C. Chapter 35).

**List of Subjects in 7 CFR Part 1740**

Grant programs—Communications; Digital television; Rural areas; Television.

**PART 1740—PUBLIC TELEVISION STATION DIGITAL TRANSITION GRANT PROGRAM**

■ Accordingly, the interim final rule *adding* 7 CFR part 1740, which was published at 71 FR 3205 on January 20, 2006, is adopted as a final rule without change.

Dated: July 11, 2007.

James M. Andrew,

*Administrator, Rural Utilities Service.*

[FR Doc. E7–15263 Filed 8–6–07; 8:45 am]

BILLING CODE 3410–15–P

---

**FEDERAL RESERVE SYSTEM**

**12 CFR Part 226**

**[Regulation Z; Docket No. R–1291]**

**Truth in Lending**

**AGENCY:** Board of Governors of the Federal Reserve System.

**ACTION:** Final rule; staff commentary.

**SUMMARY:** The Board is publishing a final rule amending the staff commentary that interprets the requirements of Regulation Z (Truth in Lending). The Board is required to adjust annually the dollar amount that triggers requirements for certain home mortgage loans bearing fees above a certain amount. The Home Ownership and Equity Protection Act of 1994 (HOEPA) sets forth rules for home-secured loans in which the total points and fees payable by the consumer at or before loan consummation exceed the greater of $400 or 8 percent of the total loan amount. In keeping with the statute, the Board has annually adjusted the $400 amount based on the annual percentage change reflected in the Consumer Price Index that is in effect on June 1. The adjusted dollar amount for 2008 is $561.

**DATES:** *Effective Date:* January 1, 2008.

**FOR FURTHER INFORMATION CONTACT:** Jane Ahrens, Senior Counsel, Division of Consumer and Community Affairs, Board of Governors of the Federal Reserve System, at (202) 452–3667. For the users of Telecommunications Device for the Deaf ("TDD") only, contact (202) 263–4869.

**SUPPLEMENTARY INFORMATION:**

**I. Background**

The Truth in Lending Act (TILA; 15 U.S.C. 1601–1666j) requires creditors to *disclose* credit terms and the cost of consumer credit as an annual percentage rate. The act requires additional disclosures for loans secured by a consumer's home, and permits

Case5:09-cv-04696-JF Document17 Filed02/24/10 Page13 of 19

Exhibit B2 226.32(a)(1)(ii) CPI – Annual Adjustment Amount Federal Register / Vol. 72, No. 144 / Tuesday, July 31, 2007 / Rules and Regulations 2 - 2 44033

consumers to cancel certain transactions that involve their principal dwelling. TILA is implemented by the Board's Regulation Z (12 CFR part 226). The Board's official staff commentary (12 CFR part 226 (Supp. I)) interprets the regulation, and provides guidance to creditors in applying the regulation to specific transactions.

In 1995, the Board published amendments to Regulation Z implementing HOEPA, contained in the Riegle Community Development and Regulatory Improvement Act of 1994, Public Law 103–325, 108 Stat. 2160 (60 FR 15463). These amendments, contained in §§ 226.32 and 226.34 of the regulation, impose substantive limitations and additional disclosure requirements on certain closed-end home mortgage loans bearing rates or fees above a certain percentage or amount. As enacted, the statute requires creditors to comply with the HOEPA rules if the total points and fees payable by the consumer at or before loan consummation exceed the greater of $400 or 8 percent of the total loan amount. TILA and Regulation Z provide that the $400 figure shall be adjusted annually on January 1 by the annual percentage change in the Consumer Price Index (CPI) that was reported on the preceding June 1. (15 U.S.C. 1602(aa)(3) and 12 CFR 226.32(a)(1)(ii)). The Board adjusted the $400 amount to $547 for the year 2007.

The Bureau of Labor Statistics publishes consumer-based indices monthly, but does not report a CPI change on June 1; adjustments are reported in the middle of each month. The Board uses the CPI–U index, which is based on all urban consumers and represents approximately 87 percent of the U.S. population, as the index for adjusting the $400 dollar figure. The adjustment to the CPI–U index reported by the Bureau of Labor Statistics on May 15, 2007, was the CPI–U index in effect on June 1, and reflects the percentage increase from April 2006 to April 2007. The adjustment to the $400 figure below reflects a 2.56 percent increase in the CPI–U index for this period and is rounded to whole dollars for ease of compliance.

## II. Adjustment and Commentary Revision

Effective January 1, 2008, for purposes of determining whether a home mortgage transaction is covered by 12 CFR 226.32 (based on the total points and fees payable by the consumer at or before loan consummation), a loan is covered if the points and fees exceed the greater of $561 or 8 percent of the total loan amount. Comment 32(a)(1)(ii)–2,

which lists the adjustments for each year, is amended to reflect the dollar adjustment for 2007. Because the timing and method of the adjustment is set by statute, the Board finds that notice and public comment on the change are unnecessary.

## III. Regulatory Flexibility Analysis

The Board certifies that this amendment will not have a substantial effect on regulated entities because the only change is to raise the threshold for transactions requiring HOEPA disclosures.

## List of Subjects in 12 CFR Part 226

Advertising, Federal Reserve System, Mortgages, Reporting and recordkeeping requirements, Truth in lending.

■ For the reasons set forth in the preamble, the Board amends Regulation Z, 12 CFR part 226, as set forth below:

## PART 226—TRUTH IN LENDING (REGULATION Z)

■ 1. The authority citation for part 226 continues to read as follows:

**Authority:** 12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

■ 2. In Supplement I to Part 226, under Section 226.32—Requirements for Certain Closed-End Home Mortgages, under Paragraph 32(a)(1)(ii), paragraph 2. xiii. is added.

## Supplement I to Part 226—Official Staff Interpretations

\*    \*    \*    \*    \*

## Subpart E—Special Rules for Certain Home Mortgage Transactions

\*    \*    \*    \*    \*

Section 226.32—Requirements for Certain Closed-End Home Mortgages

32(a) Coverage

\*    \*    \*    \*    \*

Paragraph 32(a)(1)(ii)

\*    \*    \*    \*    \*

2. Annual adjustment of $400 amount.

\*    \*    \*    \*    \*

xiii. For 2008, $561, reflecting a 2.56 percent increase in the CPI–U from June 2006 to June 2007, rounded to the nearest whole dollar.

\*    \*    \*    \*    \*

Dated: August 1, 2007.

By order of the Board of Governors of the Federal Reserve System, acting through the Director of the Division of Consumer and Community Affairs under delegated authority.

**Jennifer J. Johnson,**
Secretary of the Board.

[FR Doc. E7–15194 Filed 8–6–07; 8:45 am]

**BILLING CODE 6210–01–P**

## DEPARTMENT OF TRANSPORTATION

### Federal Aviation Administration

### 14 CFR Part 97

**[Docket No. 30563; Amdt. No. 3230]**

### Standard Instrument Approach Procedures; Miscellaneous Amendments

**AGENCY:** Federal Aviation Administration (FAA), DOT.

**ACTION:** Final rule.

**SUMMARY:** This amendment amends Standard Instrument Approach Procedures (SIAPs) for operations at certain airports. These regulatory actions are needed because of changes occurring in the National Airspace System, such as the commissioning of new navigational facilities, addition of new obstacles, or changes in air traffic requirements. These changes are designed to provide safe and efficient use of the navigable airspace and to promote safe flight operations under instrument flight rules at the affected airports.

**DATES:** This rule is effective August 7, 2007. The compliance date for each SIAP is specified in the amendatory provisions.

The incorporation by reference of certain publications listed in the regulations is approved by the Director of the Federal Register as of August 7, 2007.

**ADDRESSES:** Availability of matter incorporated by reference in the amendment is as follows:

For Examination—

1. FAA Rules Docket, FAA Headquarters Building, 800 Independence Ave, SW., Washington, DC 20591;

2. The FAA Regional Office of the region in which the affected airport is located; or

3. The National Flight Procedures Office, 6500 South MacArthur Blvd., Oklahoma City, OK 73169 or,

4. The National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202–741–6030, or go to: http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html.

For Purchase—Individual SIAP copies may be obtained from:

1. FAA Public Inquiry Center (APA–200), FAA Headquarters Building, 800 Independence Avenue, SW., Washington, DC 20591; or



**National Default Servicing Corporation**
7720 N. 16th Street, Suite 300, Phoenix, Arizona 85020
Telephone: 602-264-6101 | Facsimile: 602-264-6209

*This report is prepared as a courtesy only. It is not issued in lieu of forms of notice required by Statute (i.e. recording, posting, publishing and mailing), and in the event of any error or incompleteness does not impair the effectiveness of notices given by statutory methods. The information contained herein is believed to be accurate as of the time of viewing, but interested parties must attend the sale to obtain the most recent information of particular importance or to obtain updated information. Any listing here of a "possible postponement date" is an estimate of the action that will be taken at the time of sale as now scheduled, and is not a commitment to postpone. Until the actual date and time currently set for the sale, the beneficiary and trustee reserve the right to proceed to sale as scheduled, or to declare a postponement until some other date and/or location. Please note for efficiency/space purposes, we are only providing the street address of the property as a point of reference rather than the only controlling, binding description of the property, which is the legal description.*

Sale Start Date:   3/10/2010      Sale End Date:   3/26/2010      [ Search ]

Records per Page : 20      File # (blank for all): 09-33331      Files 1 - 1 (of 1 Total)

☒ Click Here For More Options

As of Wednesday, February 24, 2010 at 12:01 PM

« ‹ **1** › »

| Sale Date (previous) (projected) Sale Time Place of Sale | File # Property Address | Loan Date | Mortgage Co | Org Ln Amt Loan # | File Status Trustor County | Opening Bid Amount Max Bid Amount Canceled |
|---|---|---|---|---|---|---|
| 3/10/2010 11:00 A.M. | 09-33331-FF-CA 1558 MINNESOTA AVENUE, SAN JOSE, CA 95125 | 6/22/2007 | Fidelity - EMC | $650,000.00 0020712998 | Trustee Sale CARNERO | |

At the North Market Street entrance to the County Courthouse, 190 North Market Street, San Jose, CA   SANTA CLARA

# REAL
# TIME
# RESOLUTIONS, INC.

8/15/2009

JOSE CARNERO

1558 MINNESOTA AVE # 1/2
SAN JOSE CA 95125-4445

RE: Account No        0020713020
   In Reference to Property: 1558   MINNESOTA AVE
                  SAN JOSE CA 95125

Dear JOSE CARNERO,

We have not received a response to our initial hello letter or our attempts to contact you on the telephone.  The collection responsibilities with your mortgage have been transferred to Real Time Resolutions, Inc. and there is now $2,894.24 past due.  This delinquency will not go away without payments to your account.  Please contact us immediately at 1-877-599-7334 between the hours of 8:00am and 9:00pm CST so that we may work together to resolve your delinquency.  Failure to do so will result in continued collection attempts, updates to your credit report and potential legal action.

Sincerely,

Collections Department
Real Time Resolutions Inc.

IMPORTANT NOTICE REQUIRED BY LAW:
This agency is engaged in the collection of debts.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.
For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

1750 Regal Row Drive, Suite 120, Dallas, TX 75235-2287
Main 877-469-7325 • Facsimile 214-599-6388

## MONTHLY BILLING STATEMENT

*Your Letters from Real time Resolutions*

**Page 2 of 4**

*Payment Coupon*

### Real Time Resolutions, Inc.
PO Box 35888
Dallas, TX 75235-0888

| | |
|---|---|
| Statement Date: | 08/31/2009 |
| **Loan Number:** | **0020713020** |
| PAYMENT DUE DATE: | 01/01/2009 |
| Total Payment(s) Due: | $3,256.02 |
| Unpaid Late Charges: | $0.00 |
| Unpaid NSF Fees: | $0.00 |
| Other Unpaid Fees/Charges: | $0.00 |
| Credit(s): | $0.00 |
| TOTAL DUE: | $3,256.02 |

JOSE CARNERO
1558 MINNESOTA AVE # 1/2
SAN JOSE CA 95125-4445

Indicate how you wish additional funds to be applied:
Apply $ _____ as _____

*Have an e-mail address?   Let us know!*

(Cut Along Dotted Line and Return Top Portion Only)

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

### Real Time Resolutions, Inc.

MORTGAGE LOAN STATEMENT
Retain This Portion For Your Records

PO Box 35888
Dallas, TX 75235-0888

Borrower:         JOSE CARNERO

| | |
|---|---|
| LOAN NUMBER | **0020713020** |
| Statement Date: | 08/31/2009 |
| Principal Balance | $86,828.26 |
| Current Interest Rate | 0.00% |
| Suspense Balance | $0.00 |
| Monthly Payment | $361.78 |

*We now offer Western Union Quick collect, Phone Pay and Automatic Bank Draft options Call today for details*
***NEW! ONLINE PAYMENTS AT:*** **https://paynow7.speedpay.com/realtime/index.asp**

The principal balance is not the total amount required to pay your loan in full. If you wish to pay your loan in full, please call for a payoff statement to be sent to you. All balances and amounts due are as of the statement date.

### PAYMENT SUMMARY

| | | | |
|---|---|---|---|
| *Loan Number:* | **0020713020** | *Unpaid Late Charges:* | $0.00 |
| *Last Payment Posted:* | | *Unpaid NSF Fees:* | $0.00 |
| *Payment Due On:* | 01/01/2009 | *Suspense Balance:* | $0.00 |
| *Total Payments Due:* | $3,256.02 | | |
| | | *Total Amount Now Due:* | $3,256.02 |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose

Please note that the amounts above may not reflect ALL fees and late charges due.

*Your Letters from Real time Resolutions* **Page 2 of 4**

If you are currently in bankruptcy or have previously received a discharge in a bankruptcy, this statement of account is provided to you for informational and reference purposes only and is not intended as an attempt to collect a debt.

Real Time Resolutions, Inc.           P.O. Box 36655  Dallas, TX 75235           1-877-469-REAL (7325)

**Exhibit D2** Four Letters from Real time Resolutions

**Real Time Resolutions, Inc.**
PO Box 35888
Dallas, TX 75235-0888

*Payment Coupon*

| | |
|---|---|
| Statement Date: | 09/30/2009 |
| **Loan Number:** | **0020713020** |
| PAYMENT DUE DATE: | 01/01/2009 |
| Total Payment(s) Due: | $3,617.80 |
| Unpaid Late Charges: | $0.00 |
| Unpaid NSF Fees: | $0.00 |
| Other Unpaid Fees/Charges: | $0.00 |
| Credit(s): | $0.00 |
| TOTAL DUE: | $3,617.80 |

JOSE CARNERO
1558 MINNESOTA AVE # 1/2
SAN JOSE CA 95125-4445

Indicate how you wish additional funds to be applied:
Apply $ _____ as _____

*Have an e-mail address? Let us know!*

(Cut Along Dotted Line and Return Top Portion Only)

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Real Time Resolutions, Inc.**

MORTGAGE LOAN STATEMENT
Retain This Portion For Your Records

PO Box 35888
Dallas, TX 75235-0888

Borrower:    JOSE CARNERO

| | |
|---|---|
| LOAN NUMBER | **0020713020** |
| Statement Date: | 09/30/2009 |
| Principal Balance | $86,828.26 |
| Current Interest Rate | 0.00% |
| Suspense Balance | $0.00 |
| Monthly Payment | $361.78 |

*We now offer Western Union Quick collect, Phone Pay and Automatic Bank Draft options Call today for details*
**NEW! ONLINE PAYMENTS AT: https://paynow7.speedpay.com/realtime/index.asp**

The principal balance is not the total amount required to pay your loan in full. If you wish to pay your loan in full, please call for a payoff statement to be sent to you. All balances and amounts due are as of the statement date.

PAYMENT SUMMARY

| | | | |
|---|---|---|---|
| Loan Number: | **0020713020** | Unpaid Late Charges: | $0.00 |
| Last Payment Posted: | | Unpaid NSF Fees: | $0.00 |
| Payment Due On: | 01/01/2009 | Suspense Balance: | $0.00 |
| Total Payments Due: | $3,617.80 | | |
| | | Total Amount Now Due: | $3,617.80 |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose

Please note that the amounts above may not reflect ALL fees and late charges due.

**Exhibit D2** Four Letters from Real time Resolutions **Page 3 of 4**
If you are currently in bankruptcy or have previously received a discharge in a bankruptcy, this statement of account is provided to you for informational and reference purposes only and is not intended as an attempt to collect a debt.

Real Time Resolutions, Inc.          P.O. Box 36655 Dallas, TX 75235          1-877-469-REAL (7325)

Real Time Resolutions, Inc.
P.O. Box 36655
Dallas, TX 75235

Four Letters from Real time Resolutions

December 30, 2009

Jose Carnero
1558 Minnesota Ave # 1/2
San Jose. CA 95125-4445

72201-171

Re: Loan Number 0020713020

We are dedicated to protecting your privacy and disclosing to you how we gather apply, and share your information. It is our pledge that we place the highest priority on protecting and keeping our customers' information secure. The Real Time Resolutions privacy policy is as follows:

## Gathering and disclosing information

We collect, share, and use your information to provide the best customer service in establishing and maintaining your account with us. We are able to offer new products and services as well as design and develop new ideas to better serve you.

We gather nonpublic personal information about you from applications and other forms, through our transactions and transactions through affiliates and others, and information from consumer-reporting agencies.

We may disclose nonpublic information about you to our affiliates and non-affiliated third parties.

We may share your name, address, and phone number with our affiliates and non-affiliated third parties. We also might share your account transaction information with affiliates or others. This information could include your account history, balance, or payoff amount. We provide information to credit reporting agencies, and share information from them, such as your credit history; this is commonplace with many financial institutions. We may disclose your nonpublic information to nonaffiliated third parties as permitted by law.

In addition, we could disclose the same information, as mentioned above, to companies that provide products or services to you. We maintain high standards of physical, electronic, and procedural safeguards to guard your nonpublic personal information.

We are committed to providing quality and exceptional service to our clients. If you wish to decline, or "opt-out" of disclosures to affiliates of Real Time Resolutions, Inc. and non-affiliated third party information sharing (other than disclosures permitted by law) as described above, please sign and return this letter to the following address:

Real Time Resolutions, Inc.
OPT-OUT
P.O. Box 36655
Dallas, TX 75235

I choose to "opt-out" of Real Time Resolutions affiliated and non-affiliated third party information sharing (other than disclosures permitted by law) as described above.

Name:_____

Signature: __Exhibit D2__ Four Letters from Real Time Resolutions _____ Date:_____ Page 4 of 4

Social Security #:_____



# URGENT NOTICE

RE:15558 MINNESOTA AVE ½ T SAN JOSE 95125

RE;CARNERO MARTHAC& JOSER

I LOOK FORWARD TO SPEAKING WITH YOU DIRECTLY ABOUT YOUR FORECLOSURE ALTERNATIVES.
PUBLIC RECORDS SHOW THAT YOUR HOME IS UP FOR AUCTION *ON THE DATE STATED* ABELOW:

## 03/10/2010 AT 11:00 AM AT THE SANTA CLARA COUNTY COURTHOUSE

YOU MUST TAKE IMMEDIATE ACTION TO CEASE FORECLOSURE PROCEEDINGS. I AM WILLING AND
ABLE TO ASSIST YOU.

**Hours of operation:**

**MONDAY-SATURDAY 8:00 AM TO 8:00PM.**

Thank you for your time,

Luis Nava(Realtor)or Glafira Nava

  (408)687-7640 or (408)628-9305

=====================================================================

### SEÑORA,CARNERO MARTHA C & JOSE

NOS GUSTARIA PODER COMUNICARNOS CON USTED LO MAS PRONTO POSSIBLE. INFORMACION
PUBLICA ENSEÑA QUE SU CASA SERA SUBASTADA EN LA FECHA SIGUIENTE:

## 03/10/2010 AT 11:00 AM EN LA CORTE DEL CONDADO DE SANTA CLARA.

ES IMPORTANTE QUE TOME ACCION IMEDIATAMENTE PARA INTENTAR PARAR LA EJECUCION
HIPOTECARIA. ESTOY DISPUESTOS A AYUDARLE, LA LLAMADA ES GRATUITA Y SIN COMPROMISO.

**HORARIO DE TRABAJO:**

**LUNES - SABADO 8:00AM TO 8:00 PM**

Gracias por su tiempo,

Luis Nava(Realtor)or Glafira Nava

  (408)687-7640 or (408)628-9305

          INFORMATION DEEM RELIABLE BUT NOT GUARANTED. SELLER TO VERIFY ALL INFORMATION