**E-Filed 3/22/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>EMC MORTGAGE CORPORATION, et al., <br><br>　　　　Defendants. | Case Number C 09-4696 JF (HRL) <br><br> ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; AND DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER <br><br> [re: document nos. 14, 19] |

　　　Defendant Real Time Resolutions, Inc. ("Real Time") moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. Plaintiffs Jose and Marta Carnero ("the Carneros") seek a temporary restraining order ("TRO") precluding Defendants from going forward with a foreclosure sale of their home. The Court has considered the moving and responding papers as well as the oral argument presented at the hearing on the motion to dismiss on March 5, 2010.[2] For the reasons discussed below, the motion to dismiss will be

---

　　[1] This disposition is not designated for publication in the official reports.

　　[2] The Court concludes that the application for TRO is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

granted with leave to amend, and the application for TRO will be denied.

## I. BACKGROUND

The Carneros, a married couple, filed their *pro se* complaint on October 1, 2009, alleging twenty-two claims for relief arising out of the refinancing of their home located at 1558 Minnesota Avenue, San Jose, California.  Although the complaint is forty-two pages in length with an additional fifty-six pages of exhibits, it fails to explain clearly the sequence of events giving rise to the instant lawsuit.  The Carneros appear to be alleging that they purchased their home in 2005, Complt. ¶ 32; that they subsequently refinanced their original mortgage loan, *id*. ¶ 34; that non-party Bear Stearns was the lender on the refinancing transaction, *id*.; and that the new loan was serviced by Defendant EMC Mortgage Group ("EMC"), *id*. ¶ 36.  While the allegations regarding the actual closing date of the refinancing transaction are unclear, the most likely date appears to be November 22, 2008.  *Id*. ¶ 42.  The refinancing transaction allegedly violated the Truth In Lending Act ("TILA").  *Id*.  Defendant Randy Miguel apparently was involved in the refinancing transaction.  *Id*. ¶¶ 4, 35.  Defendant Chase Bank somehow is involved.  *Id*. ¶ 1.  Defendant Real Time apparently is servicing the loan.  *Id*. at ¶ 23.  The Carneros "demand to void the contract, that is, the plaintiffs terminate the contract with Defendants and owe nothing."  *Id*. ¶ 50.

The Carneros unsuccessfully sought a TRO in October 2009.  It is unclear from the record whether the foreclosure sale has occurred or whether the Carneros remain in possession of the property.

## II. MOTION TO DISMISS

**A.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant.  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in

1  favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).

2  However, mere conclusions couched in factual allegations are not sufficient to state a
cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009).

**B.     Analysis**

As pointed out by moving party Real Time, the complaint does not allege any facts tying Real Time to the refinancing transaction at issue. Accordingly, Real Time's motion to dismiss will be granted. In light of their *pro se* status, the Carneros will be given leave to amend so that they may attempt to allege facts giving rise to liability on the part of Real Time. The Court has reservations as to whether such facts may be alleged given the representations of Real Time that it services a second loan on the property and never has had any involvement with the loan at issue in the complaint. If the Carneros fail to allege a viable claim against Real Time or to demonstrate that they might be able to allege such a claim, the claims against Real Time will be dismissed without leave to amend.

### III. APPLICATION FOR TRO

**A.     Legal Standard**

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. OneWest Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal quotation marks and citation omitted); *see also Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323

3

1  (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be
2  awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res.*
3  *Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). A party seeking a preliminary injunction "must
4  establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in
5  the absence of preliminary relief, that the balance of equities tips in his favor, and that an
6  injunction is in the public interest." *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d
7  644, 651 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 374). The issuance of a preliminary
8  injunction is committed to the discretion of the District Court. *Id*. "To the extent that our cases
9  have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking*
10 *Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (footnote omitted).

11      Despite its length, the Carneros' complaint fails to provide a clear recitation of the events
12 giving rise to the instant lawsuit and fails to set forth sufficient facts regarding each defendant's
13 role in the subject transaction. For this reason, the Carneros have failed to demonstrate a
14 likelihood of success on the merits of their claims. The Court has no doubt that the Carneros
15 may suffer irreparable injury in the absence of injunctive relief, because their home will be sold.
16 However, in the absence of any showing to date that their suit has merit, they have failed to
17 demonstrate that the balance of equities tips in their favor or that issuance of a TRO is in the
18 public interest. Accordingly, the application for TRO will be denied.

## IV. ORDER

21  (1)  The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any
22       amended complaint shall be filed and served within thirty (30) days after the date
23       of this Order;
24  (2)  The application for TRO is DENIED.
25  DATED: 3/22/2010

                                      _____
                                      JEREMY FOGEL
                                      United States District Judge

4

1  Copies of Order served on:

3  Christopher Lee Peterson     cpeterson@piteduncan.com, sames@piteduncan.com

4  Robin Prema Wright     rwright@wrightlegal.net, ggrant@wrightlegal.net

5  Jose and Marta Carnero
   1558 Minenesota Avenue 1/2
6  San Jose, CA 95125-4445

Case No. C 09-4696 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)