**E-Filed 7/22/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO, et al., | Case Number C 09-4696 JF (HRL) |
| Plaintiffs, | ORDER[1] GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND |
| v. | [re: document nos. 23, 25] |
| EMC MORTGAGE CORPORATION, et al., | |
| Defendants. | |

Before the Court are two motions to dismiss the operative first amended complaint ("FAC") of *pro se* Plaintiffs Jose and Marta Carnero ("the Carneros"). The first motion is brought by Defendant Real Time Resolutions, Inc. and the second motion is brought by Defendants EMC Mortgage Corporation, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., and Wells Fargo Bank. The Court has considered the moving and responding papers as well as the oral argument presented at the hearing on July 16, 2010. For the reasons discussed below, the motions will be granted, with leave to amend.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

The Carneros, a married couple, filed the instant action on October 1, 2009, alleging federal and state law claims arising out of the refinancing of their home located at 1558 Minnesota Avenue, San Jose, California. On March 22, 2010, the Court dismissed the complaint with leave to amend for failure to state a claim upon which relief could be granted. On April 22, 2010, the Carneros filed the operative FAC, alleging twenty-two claims for relief. Federal subject matter jurisdiction appears to be based on the existence of a federal question, specifically, the Carneros' first claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

Case No. C 09-4696 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)

### III. DISCUSSION

Although the FAC is fifty-four pages in length (excluding exhibits), it – like the original complaint – fails to allege clearly the sequence of events giving rise to this lawsuit. Rather, the FAC jumps around chronologically to such an extent that the Court is at a loss to understand which loan is at issue and what each defendant is alleged to have done with that loan – in short, what happened. Moreover, the FAC refers the reader to the original complaint for background or clarification on some points. This manner of pleading is not permitted. An amended complaint must be a complete document in and of itself, and may not refer the reader to exhibits or allegations contained in an earlier version of the pleading. *See* Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); *see also Loux v. Rhay*, 375 F.3d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent").

Because the Court cannot make any meaningful assessment of the Carneros' claims as they presently are drafted, the Court will dismiss the FAC with leave to amend. While it is reluctant to set a page limit on the Carneros' pleading, the Court suggests strongly that the complaint be limited to approximately ten or twelve pages. Federal Rule of Civil Procedure 8 requires that for each claim asserted, the plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It would be helpful to the Court if the Carneros were to describe the circumstances surrounding the loan at issue in simple, straightforward language. The Carneros' numerous general allegations regarding the mortgage industry are not useful and add nothing to their claims.

In offering guidance with respect to amendment, the Court will focus on the only federal claim alleged, which is for violation of TILA. Unless and until the Carneros state a viable federal claim, this Court declines to exercise supplemental jurisdiction over their state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001).

1   It is important that the Carneros explain precisely what role each defendant played in the
2   loan transaction at issue, and how each defendant's actions violated particular provisions of
3   TILA. If the loan transaction was completed more than one year before the Carneros filed this
4   lawsuit, their TILA damages claims likely are barred by the one-year statute of limitations. *See*
5   15 U.S.C. § 1640(e). Ordinarily, the one-year limitations period begins to run when the
6   transaction underlying the violation is "consummated." *King v. California*, 784 F.2d 910, 915
7   (9th Cir. 1986). However, "the doctrine of equitable tolling may, in the appropriate
8   circumstances, suspend the limitations period until the borrower discovers or had reasonable
9   opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."
10  *King*, 784 F.2d at 915. The district court must evaluate a request for equitable tolling to
11  determine if application of the one-year limitations period "would be unjust or frustrate the
12  purpose of the Act." *Id*. If the Carneros believe that equitable tolling applies to this case, they
13  must allege when they discovered the fraud or nondisclosures at issue, why they did not discover
14  such fraud or nondisclosures earlier, and how application of the one-year limitations period
15  would be unjust or frustrate the purposes of TILA.
16  If the Carneros seek rescission of the loan, they must allege that they have the present or
17  future ability to tender all of the loan proceeds. *See Powell v. Residential Mortg. Capital*, C 09-
18  4928 JF (PVT), 2010 WL 2133011, at *4-5 (N.D. Cal. May 24, 2010) (explaining this Court's
19  rationale for requiring a plaintiff to allege an ability to tender before permitting the plaintiff to
20  pursue a TILA rescission claim).
21  As discussed above, any amended complaint must be complete in and of itself, meaning
22  that it should not refer to prior pleadings and that all exhibits referenced in the amended
23  complaint shall be attached thereto. If the Carneros once again fail to allege a viable federal
24  claim, the Court will dismiss this action without leave to amend.[2]

---

[2] After Jose and Marta made their appearances at the hearing, a third individual stated that he also was present on behalf of Plaintiffs. It is unclear who this individual is; Jose and Marta are the only named plaintiffs in this action, and they are representing themselves *pro se*. If this individual asserts a legal interest in this action, he should be added as a named plaintiff.

# IV. ORDER

(1)  The motions to dismiss are GRANTED, WITH LEAVE TO AMEND; and

(2)  Any amended complaint shall be filed and served on or before August 23, 2010.

DATED:  7/22/2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-4696 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)

| | |
|---|---|
| 1 | Copies of Order served on: |
| 2 | |
| 3 | Christopher Lee Peterson     cpeterson@piteduncan.com, sames@piteduncan.com |
| 4 | Robin Prema Wright     rwright@wrightlegal.net, ggrant@wrightlegal.net |
| 5 | Jose and Marta Carnero |
|   | 1558 Minenesota Avenue ½ |
| 6 | San Jose, CA 95125-4445 |