\*\*E-Filed 11/22/2010\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>EMC MORTGAGE CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case Number C 09-4696 JF (HRL)<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DISMISSING ACTION<br><br>[re: document nos. 41, 42] |

Before the Court are two motions to dismiss the operative second amended complaint ("SAC") of *pro se* Plaintiffs Jose and Marta Carnero ("the Carneros"): a motion brought by Defendant Real Time Resolutions, Inc. ("Real Time") and a motion brought by Defendants EMC Mortgage Corporation, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., and Wells Fargo Bank (collectively "JPMorgan"). The Court has considered the moving and responding papers as well as the oral argument presented at the hearing on November 19, 2010. For the reasons discussed below, the motions will be granted without leave to amend and the action will be dismissed.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

The Carneros, a married couple, filed the instant action on October 1, 2009, alleging federal and state law claims arising out of the refinancing of their home located at 1558 Minnesota Avenue, San Jose, California. Federal subject matter jurisdiction appears to be based on the existence of a federal question, specifically, the Carneros' claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. The Court dismissed the complaint and first amended complaint ("FAC") for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The Carneros filed the operative SAC on August 23, 2010.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

## III. DISCUSSION

In its order dismissing the FAC, the Court concluded that the FAC was so lengthy and

disjointed that the Court was "is at a loss to understand which loan is at issue and what each defendant is alleged to have done with that loan – in short, what happened." Order of July 22, 2010 p. 3. The Court also noted that the FAC improperly referred the reader to the original complaint for background or clarification on some points in violation of Civil Local Rule 10-1 (providing that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference"). *Id*. Because it could not make any meaningful assessment of the Carneros' claims as presented in the FAC, the Court dismissed the FAC with leave to amend. *Id*. The Court suggested strongly that any amended complaint be limited to approximately ten or twelve pages consistent with Federal Rule of Civil Procedure 8, which directs a plaintiff to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). The Court noted that "[i]t would be helpful to the Court if the Carneros were to describe the circumstances surrounding the loan at issue in simple, straightforward language. The Carneros' numerous general allegations regarding the mortgage industry are not useful and add nothing to their claims." *Id*. The Court went on to state that: "[i]t is important that the Carneros explain precisely what role each defendant played in the loan transaction at issue, and how each defendant's actions violated particular provisions of TILA." *Id*. at p. 4. The Court cautioned that "[i]f the Carneros once again fail to allege a viable federal claim, the Court will dismiss this action without leave to amend." *Id*.

The SAC omits all of the Carneros' previously pled state law claims, instead setting forth a single claim for violation of TILA. This claim again suffers from numerous deficiencies. For example, the only allegation asserted with respect to Defendant Real Time is as follows:

> II.12. Real Time committed the following violations related to the rescission of the second loan:
>
> II.12.1. Violations of Regulation Z 226.32(e) failed to do research about the second loan being rescinded by Plaintiffs on April 23, 2009, see Exhibit A.

SAC p. 11. As Real Time points out in its motion, there is no Regulation "Z 226.32(e)," and this conclusory allegation is inadequate to state any kind of claim. The Carneros did not file opposition to Real Time's motion. Accordingly, their claims against Real Time will be

3

dismissed without leave to amend.

With respect to the JPMorgan defendants, the loans about which the Carneros complain were originated in June 2007. *See* SAC p. 5; JPMorgan's Req. For Jud. Notice Exhs. 1-2. Accordingly, it appears from the face of the SAC that the Carneros' claims for damages under TILA are barred by TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Ordinarily, the one-year limitations period begins to run when the transaction underlying the violation is "consummated." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. The district court must evaluate a request for equitable tolling to determine if application of the one-year limitations period "would be unjust or frustrate the purpose of the Act." *Id*. The Carneros have failed to allege facts giving rise to equitable tolling in any of their three pleadings.

The Carneros' claims for rescission under TILA have been extinguished because it appears that the property has been sold. *See* 15 U.S.C. § 1635(f) (right of rescission is extinguished by sale of the property). Moreover, the Carneros have failed to allege that they have the present or future ability to tender all of the loan proceeds. *See Powell v. Residential Mortg. Capital*, C 09-4928 JF (PVT), 2010 WL 2133011, at *4-5 (N.D. Cal. May 24, 2010) (explaining this Court's rationale for requiring a plaintiff to allege an ability to tender before permitting the plaintiff to pursue a TILA rescission claim).

Because the Carneros have failed to allege a viable claim[2] despite having had several opportunities to do so, their claims against the moving defendants will be dismissed without leave to amend and with prejudice. In addition to the moving defendants, the Carneros sue National Default Servicing Corporation, Randy Miguel, Chicago Title Company, and Bear Stearns Residential Mortgage Corporation. There is no indication in the record that service of

---

[2] Defendants raise numerous additional grounds for dismissal in their motions, all of which appear to be well-taken. However, the Court need not reach these arguments in light of its disposition of the motions on the grounds discussed above.

4

process has been effected with respect to any of these additional defendants.[3]  Accordingly, the Carneros' claims against these defendants will be dismissed without prejudice for failure to prosecute.

**IV. ORDER**

(1) Defendants' motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND;

(2) All claims against the moving defendants are DISMISSED WITH PREJUDICE;

(3) All claims against the remaining defendants are DISMISSED WITHOUT PREJUDICE; and

(4) The Clerk of the Court shall close the file.

DATED:  November 22, 2010

_____
JEREMY FOGEL
United States District Judge

---

[3] Although the record does not contain a proof of service of the summons and complaint upon it, Defendant National Default Servicing Corporation filed a Declaration Of Nonmonetary Status pursuant to California Civil Code § 2924.  The Carneros apparently interpreted the Declaration as a motion to dismiss, and filed opposition to it.  Neither the allegations of the SAC nor the assertions made in the Carneros' brief suggest that the Carneros would be able to state a viable federal claim against Defendant National Default Servicing Corporation.

1 | Copies of Order served on:

3 | Christopher Lee Peterson     cpeterson@piteduncan.com, sames@piteduncan.com

4 | Robin Prema Wright     rwright@wrightlegal.net, ggrant@wrightlegal.net

5 | Jose and Marta Carnero
1558 Minenesota Avenue ½
6 | San Jose, CA 95125-4445

6

Case No. C 09-4696 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS SAC WITHOUT LEAVE TO AMEND AND DISMISSING ACTION
(JFLC2)